# Exhibit 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------x
PATRIARCH PARTNERS MANAGEMENT
GROUP, LLC and LYNN TILTON,

                                     Plaintiffs,

           -against-

FSAR HOLDINGS, INC., PERFORMANCE
DESIGNED PRODUCTS, LLC f/k/a ELECTRO
SOURCE, LLC, and CLASSIFIED
INTERACTIVE PUBLISHING, LLC,

                                   Defendants.
-----------------------------------------------------------x

Index No. _____

**SUMMONS**

To the above-named defendants:

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the amended complaint.

The basis of venue is the residence of Plaintiff Patriarch Partners Management Group, LLC, which is 1 Liberty Street, New York, New York 10006, a forum selection clause, and because a substantial part of the events or omissions giving rise to this action occurred in New York County, pursuant to CPLR 501 and 503 (a), (d).

FILED: NEW YORK COUNTY CLERK 07/06/2020 11:17 PM           INDEX NO. 652924/2020
NYSCEF DOC. NO. 1                                           RECEIVED NYSCEF: 07/06/2020

Dated:     July 6, 2020
New York, New York

ALLEGAERT BERGER & VOGEL LLP

By:    /s/ David A. Berger
       David A. Berger
       John S. Craig
       Bianca Lin

111 Broadway, 20th Floor
New York, New York 10006
(212) 571-0550

*Attorneys for Plaintiffs Patriarch Partners Management Group, LLC and Lynn Tilton*

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------x
PATRIARCH PARTNERS MANAGEMENT
GROUP, LLC and LYNN TILTON,

                                    Plaintiffs,

               -against-

                                Index No. _____

FSAR HOLDINGS, INC., PERFORMANCE
DESIGNED PRODUCTS, LLC f/k/a ELECTRO    **COMPLAINT**
SOURCE, LLC, and CLASSIFIED
INTERACTIVE PUBLISHING, LLC,

                                Defendants.
-------------------------------------------------------------x

        Plaintiffs Patriarch Partners Management Group, LLC ("PPMG") and Lynn Tilton ("Ms. Tilton," and together with PPMG, "Plaintiffs"), by and through their undersigned attorneys, Allegaert Berger & Vogel LLP, as and for their Complaint against Defendants FSAR Holdings, Inc. ("FSAR"), Performance Designed Products, LLC f/k/a ELECTRO SOURCE, LLC ("PDP"), and Classified Interactive Publishing, LLC (collectively, "Defendants"), state upon knowledge with respect to their own acts and status, and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

        1.     This is a straightforward action arising from (a) Defendants' failure to pay PPMG for amounts due and owing under a Management Services Agreement dated as of February 18, 2010, as amended (the "MSA") for management and operational consulting and other services (and associated expenses) duly provided to Defendants; and (b) FSAR and PDP's failure to

indemnify Ms. Tilton, in her capacity as FSAR's sole Director and PDP's Manager, for certain unreimbursed legal fees and costs incurred by her in defending the action styled *Zohar II 2005-1, Ltd., et al. v. FSAR Holdings, Inc., et al.*, No. 12946-VCS, brought against FSAR, Glenoit Universal, Ltd. ("Glenoit Universal"), Ms. Tilton, and UI Acquisition Holding Co. ("UI"), in the Chancery Court of the State of Delaware (the "Delaware Action"), as required under FSAR's Articles of Incorporation and PDP's Amended and Restated Operating Agreement, respectively. Plaintiffs have made due demand of Defendants for the amounts outstanding to no avail, thereby necessitating commencement of this action for breach of contract and related relief.

## THE PARTIES

2. PPMG is a Delaware limited liability company with its principal place of business in New York, New York.

3. Ms. Tilton is Manager of PPMG. Until March 21, 2020 she was sole Director of FSAR and Manager of PDP.

4. Defendant FSAR Holdings, Inc. is a Delaware corporation with its principal place of business in San Diego, California.

5. Defendant Performance Designed Products, LLC is a corporation organized and existing under the laws of California with its principal place of business in San Diego, California. PDP is a wholly owned subsidiary of FSAR.

6. Defendant Classified Interactive Publishing, LLC is a corporation organized and existing under the laws of California with its principal place of business in San Diego, California.

## PERSONAL JURISDICTION AND VENUE

7. This Court has personal jurisdiction over Defendants because (i) pursuant to Paragraph 10 of the MSA, Defendants have irrevocably submitted to the exclusive jurisdiction of the state or federal courts in the City of New York with respect to any action or proceeding arising out of or relating to the MSA, and have waived any defense of an inconvenient forum to the maintenance of any such action; and (ii) Defendants transact business within the State of New York.

8. Venue is proper in New York County, pursuant to CPLR § 501, pursuant to Section 10 of the MSA, and pursuant to CPLR § 503(a), in that PPMG's principal place of business is in New York County, Ms. Tilton has a principal place of business in New York, and a substantial part of the events or omissions giving rise to this action occurred in New York County.

## STATEMENT OF FACTS

**The Defendants' Breach of the MSA**

9. Pursuant to the MSA, Defendants engaged PPMG to provide certain management, operational, consulting and other services (the "Services") to it, as specified in the MSA. PPMG duly provided the Services to Defendants set forth in the MSA for more than ten years, commencing no later than February 2010.

10. PPMG regularly submitted invoices for the Services it provided to Defendants, as well as for reasonable expenses incurred in connection therewith, which Defendants are jointly and severally obligated to pay under Section 3 of the MSA. Defendants have never rejected, returned, or objected to any of the invoices, and, following due demand, have failed to pay a February 28, 2020 invoice (the "Invoice"). The total amount of the unpaid Invoice is $371,788.

3

11. Defendants are also jointly and severally obligated to indemnify Plaintiffs for all costs, disbursements, and fees (including attorney's fees) in connection with this action under the MSA, because this action has been caused by, relates to, is based upon or otherwise arises out of or in connection with the engagement of PPMG under the MSA or in connection with Services provided thereunder.

**Defendants FSAR and PDP Have Breached Their Indemnification Obligations**

12. Ms. Tilton, Manager of PPMG, was, prior to March 21, 2020, sole Director of FSAR and Manager of PDP. As such, pursuant to FSAR's Articles of Incorporation and PDP's Amended and Restated Operating Agreement, Ms. Tilton is entitled to indemnification for the legal fees and costs incurred by her in connection with defending the Delaware Action.

13. On or about November 30, 2016, the Delaware Action was commenced against Glenoit Universal, Ms. Tilton, FSAR (as the holding company of PDP), and UI, Ms. Tilton, as Director of FSAR and Manager of PDP (and Director of Glenoit Universal and UI), incurred fees and costs associated with the defense of the Delaware Action totaling millions of dollars. Pursuant to Article X of the FSAR Articles of Incorporation and Article X of the PDP Operating Agreement, Ms. Tilton is entitled to indemnification by PDP and FSAR for all such legal fees and costs incurred by her in connection with the Delaware Action. To date, there remain fees and costs due and owing to Ms. Tilton from FSAR and PDP in the amount of $2,207,664.

14. FSAR and PDP are also obligated to indemnify Plaintiffs for all costs, disbursements, and fees (including attorney's fees) in connection with this action pursuant to the indemnification provided to Ms. Tilton under FSAR's Articles of Incorporation and PDP's Operating Agreement.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract on Behalf of PPMG)

15. Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

16. Under the terms of the MSA, Defendants are jointly and severally obligated to pay PPMG fees for, and to reimburse PPMG for reasonable expenses incurred in connection with, the Services.

17. PPMG duly provided the Services and incurred reasonable expenses in connection therewith, and has otherwise performed all of its obligations under the MSA, and is thereby entitled to payment for the Services, reimbursement of its reasonable expenses incurred, and interest in connection therewith, all as provided for in the MSA.

18. Defendants have failed to pay for the Services rendered and reasonable expenses incurred therewith in an amount of at least $371,788, in material breach of the MSA.

19. As a direct and proximate result of Defendants' material breach of the MSA, PPMG has suffered, and continues to suffer, injury, including damages of at least $371,788, in addition to applicable interest, costs of suit (including attorney's fees) and other damages to which it is entitled.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Account Stated on Behalf of PPMG)

20. Plaintiffs repeat and reallege the foregoing paragraphs as if fully stated herein.

21. PPMG provided the Services to Defendants and incurred reasonable expenses in connection therewith, and duly presented its statement of account regularly as set forth in the Invoice regularly submitted to Defendants.

5

22. Defendants received and retained each such statement of account in the form of each invoice submitted, without any dispute, rejection, return, or objection made thereto or to any item set forth therein.

23. As reflected in the Invoice as to which Defendants never disputed, rejected returned or objected to, the amount due and owing to PPMG thereunder is $371,788, in addition to such other costs and damages to which it is entitled.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Unjust Enrichment/Quantum Meruit on Behalf of PPMG)

24. Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

25. Defendants were enriched by the Services provided by PPMG, and by PPMG's payment of reasonable expenses incurred in connection therewith, to PPMG's detriment, as Defendants have failed to pay therefor.

26. The circumstances thus make it inequitable for Defendants to retain the benefit of the Services provided (and reasonable expenses incurred by PPMG in connection therewith) without paying PPMG value in return.

27. The fair value of the benefit of the Services and expenses incurred by PPMG for the benefit of Defendants is at least $371,788, which amount is now due and owing to PPMG in addition to interest, costs of suit (including attorney's fees) and such other appropriate damages.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Breach of Contract on Behalf of Ms. Tilton )

28. Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

29. Under FSAR's Articles of Incorporation and PDP's Operating Agreement, FSAR and PDP are obligated to indemnify Ms. Tilton, as FSAR's Director and PDP's Manager, for her legal fees and costs in the Delaware Action.

30. Ms. Tilton incurred millions of dollars in fees and costs in the Delaware Action which were allocated equally among Glenoit Universal, UI, and FSAR (as the holding company of PDP). The amount due and owing from FSAR and PDP to Ms. Tilton in respect of the fees and costs for which it is obligated to indemnify and reimburse Ms. Tilton is $2,207,664.

31. FSAR and PDP have failed to indemnify Ms. Tilton for such fees and costs, in material breach of FSAR's Articles of Incorporation and PDP's Operating Agreement.

32. As a direct and proximate result of FSAR's material breach of the Articles of Incorporation and PDP's material breach of the Operating Agreement, Ms. Tilton has suffered, and continues to suffer, injury, including damages of at least $2,207,664, in addition to applicable interest, costs of suit (including attorney's fees) and other damages to which it is entitled.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(Account Stated on Behalf of Ms. Tilton)**

33. Plaintiffs repeat and reallege the foregoing paragraphs as if fully stated herein.

34. Ms. Tilton duly presented to FSAR and PDP a statement of account in the form of an invoice with respect to the legal fees and costs incurred by her in connection with the Delaware Action for which FSAR and PDP are obligated to indemnify her in the amount of $2,207,664.

35. FSAR and PDP received and retained such statement of account submitted, without any dispute, rejection, return, or objection made thereto or to any item set forth therein.

36. As reflected in the statement of account as to which FSAR and PDP never disputed, rejected returned or objected to, the amount due and owing to Ms. Tilton thereunder is $2,207,664, in addition to such other costs and damages to which it is entitled.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in favor of each of them on their respective causes of action, in addition to applicable interest, such incidental and consequential damages as may be applicable, costs of suit, including reasonable attorney's fees, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 6, 2020

        ALLEGAERT BERGER & VOGEL LLP

        By: _____/s/ David A. Berger_____
             David A. Berger
             John S. Craig
             Bianca Lin

111 Broadway, 20th Floor
New York, New York 10006
(212) 571-0550

*Attorneys for Plaintiffs*
*Patriarch Partners Management Group, LLC and Lynn Tilton*

8

# AFFIDAVIT OF SERVICE

Index No: 652924/2020

State of New York     )
County of __New York__  )

The undersigned being duly sworn, deposes and says:

_____Alex Melnik_____ is not a party to the action, is over
(name of person serving papers)

18 years of age and resides at _____1017 L St #339 Sacramento CA 95814_____

_____
(complete address of person serving papers)

That on _____7/24/2020_____, deponent served the within
(date of service)
__Summons, Complaint and Notice of Electronic Filing__
(name of document[s] served)
Becky De George / The Prentice-Hall Corporation System, Inc
upon __for PERFORMANCE DESIGNED PRODUCTS, INC.__ located at
(name of person/corporation served)

_____2710 Gateway Oaks Drive Suite 150n Sacramento Ca 95833_____
(complete address where other party/corporation served)

(Select method of service)

√ Personal Service: by delivering a true copy of the aforesaid documents personally; deponent knew said person/corporation so served to be the person/corporation described.

_____ Service by Mail: by depositing a true copy of the aforesaid documents in a postpaid properly addressed envelope m a post office or official depository under the exclusive care and custody of the United States Postal Service.

_____
Signature of person serving papers

Alex Melnik
Printed Name

Sworn to before me this _____

day of _____

_____
Notary Public

CALIFORNIA NOTARY CERTIFICATE ATTACHED

NOTARIZATION DATE __7/24/2020__

This certificate is attached to a **1** page document dealing with/entitled **AFFIDAVIT OF SERVICE** and dated **JULY 24, 2020**.

## California ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____**SACRAMENTO**_____

On **07/24/2020** before me, _____**OMAR VANG, NOTARY PUBLIC**_____,
(insert name and title of the officer)

personally appeared **ALEKSANDAR MELNIK**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

OMAR VANG
COMM.# 2248336
NOTARY PUBLIC - CALIFORNIA
SACRAMENTO COUNTY
My Comm. Expires June 30, 2022

Signature _____ (Seal)

# AFFIDAVIT OF SERVICE

Index No: 652924/2020

State of New York )
County of __New York__ )

The undersigned being duly sworn, deposes and says:

_____Alex Melnik_____ is not a party to the action, is over
(name of person serving papers)

18 years of age and resides at ___1017 L St #339 Sacramento CA 95814___
(complete address of person serving papers)

That on _____7/24/2020_____, deponent served the within
(date of service)

__Summons, Complaint and Notice of Electronic Filing__
(name of document[s] served)

Becky De George / The Prentice-Hall Corporation System, Inc
upon __for PERFORMANCE DESIGNED PRODUCTS, LLC__ located at
(name of person/corporation served)

___2710 Gateway Oaks Drive Suite 150n Sacramento Ca 95833___
(complete address where other party/corporation served)

(Select method of service)

__✓__ Personal Service: by delivering a true copy of the aforesaid documents personally; deponent knew said person/corporation so served to be the person/corporation described.

____ Service by Mail: by depositing a true copy of the aforesaid documents in a postpaid properly addressed envelope m a post office or official depository under the exclusive care and custody of the United States Postal Service.

Signature of person serving papers

Alex Melnik
Printed Name

Sworn to before me this _____

day of _____

**CALIFORNIA NOTARY CERTIFICATE ATTACHED**

NOTARIZATION DATE __7/24/2020__

_____
Notary Public

This certificate is attached to a 1 page document dealing with/entitled AFFIDAVIT OF SERVICE and dated JULY 24, 2020.

## California ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____SACRAMENTO_____

On 07/24/2020 before me, _____OMAR VANG, NOTARY PUBLIC_____,
(insert name and title of the officer)

personally appeared ALEKSANDAR MELNIK , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf on which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

OMAR VANG
COMM.# 2248338
NOTARY PUBLIC - CALIFORNIA
SACRAMENTO COUNTY
My Comm. Expires June 30, 2022

Signature _____ (Seal)

SUPREME COURT OF THE STATE OF NEW YORK                                    COUNTY OF NEW YORK

**Plaintiff / Petitioner:**
PATRIARCH PARTNERS MANAGEMENT GROUP, LLC AND LYNN TILTON

**AFFIDAVIT OF SERVICE**

Index No: 652924/2020

**Defendant / Respondent:**
FSAR HOLDINGS, INC., PERFORMANCE DESIGNED PRODUCTS, LLC F/K/A ELECTRO SOURCE, LLC, AND CLASSIFIED INTERACTIVE PUBLISHING, LLC

The undersigned being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides at 421 N 7TH ST SUITE 422, PHILADELPHIA, PA 19123. That on Tue, Jul 28 2020 AT 11:11 AM AT 1209 N ORANGE ST, WILMINGTON, DE 19801 deponent served the within SUMMONS, COMPLAINT, AND NOTICE OF ELECTRONIC FILING on FSAR HOLDINGS, INC. on the Registered Agent Corporation Trust Company

[ ] **Individual:** by delivering a true copy of each to said defendant, personally; deponent knew the person so served to be the person described as said defendant therein.

[X] **Corporation:** FSAR HOLDINGS, INC. a defendant, therein named, by delivering a true copy of each to Robin Huttbanks personally, deponent knew said corporation so served to be the corporation described, and knew said individual to be Intake Specialist/Authorized to accept service thereof.

[ ] **Suitable Person:** by delivering thereat, a true copy of each to _____ a person of suitable age and discretion.

[ ] **Affixing to Door:** by affixing a true copy of each to the door thereof, deponent was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

[ ] **Mailing:** Deponent also enclosed a copy of same, in a postpaid sealed wrapper properly addressed to said defendant at defendant's last known residence, _____, and depositing said wrapper in a post office, official depository under the exclusive care and custody of the United States Post Office, department, with New York State. Mailed on _____.

[ ] **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. Defendant wore ordinary civilian clothes and no military uniform. The source of my information and the ground of my belief are the conversations and observations above narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**
Age: 60s    Ethnicity: African American    Gender: Female    Weight: 150
Height: 5'7"    Hair: Brown    Eyes: Brown    Relationship: Intake Specialist
Other: _____

Sworn to before me on 7/28/20

MARTIN A ETTORRE                              Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
CHRISTINA GRIEB, Notary Public
City of Philadelphia, Phila. County
My Commission Expires June 1, 2021